

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00341-CR

Charles Allen **MARTIN**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-6215
Honorable Benjamin Robertson, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: June 24, 2026

DISMISSED

Pursuant to a plea-bargain agreement, Charles Allen Martin Jr. pled nolo contendere to aggravated assault with a deadly weapon and was sentenced to twenty years in prison in accordance with the terms of his plea-bargain agreement. On March 25, 2026, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Martin filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See*

*id*. 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id*. 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id*. 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes that the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Martin. *See id*. The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id*. Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Martin does not have the right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. 25.2(d).

We informed Martin that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See id*. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH